J-S19019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN BAILEY | |
| Appellant | No. 3349 EDA 2014 |

Appeal from the Judgment of Sentence entered November 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005380-2007

BEFORE:  BENDER, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 10, 2016**

Appellant, John Bailey, appeals from the judgment of sentence the Court of Common Pleas of Philadelphia County entered November 7, 2014. Appellant challenges the discretionary aspects of his sentence.  Upon review, we affirm.

The trial court summarized the relevant factual and procedural background in its Pa.R.A.P. 1925 opinion, which we adopt here by reference. Trial Court Opinion, 4/28/15, at 1-4.  Briefly, on January 11, 2008, following a conviction for intimidation of a witness, unlawful restraint, false imprisonment, simple assault, possessing an instrument of crime, and criminal conspiracy, the trial court sentenced Appellant to an aggregate term of of 5 to 10 years' imprisonment, followed by 20 years of consecutive probation.  Appellant was paroled on December 13, 2011.

On April 9, 2014, Appellant was arrested and charged with theft, receiving stolen property, and criminal trespass. On September 4, 2014, Appellant entered a guilty plea to theft and receiving stolen property. Appellant was sentenced to time served to 23 months' imprisonment.

Because of this new conviction, a hearing was held on the resulting violation of his probation from the 2008 conviction. On November 7, 2014, following the hearing, his probationary term was revoked and he was resentenced to 2½ to 5 years' imprisonment, followed by a term of 5 years' probation. This appeal followed.

On appeal, Appellant challenges the discretionary aspects of his sentence. Specifically, Appellant argues that the trial court failed to consider Appellant's age, rehabilitative needs, and family history, and improperly focused on Appellant's past criminal conduct. We disagree.

The trial court, relying on older cases, stated that our review is limited to the validity of the revocation proceedings and the legality of his sentence. It should be noted, however, that our scope of review following the revocation of probation is not limited solely to the grounds mentioned by the trial court. It also includes challenges to the discretionary aspects of the sentence imposed. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1034

(Pa. Super. 2013). Accordingly, we can now proceed to the consideration of the challenge.[1]

In reviewing challenges to the discretionary aspects of a sentence, in **Commonwealth v. Levy**, 83 A.3d 457 (Pa. Super. 2013), this Court reiterated:

> Appellant is not entitled as of right to a review of such a challenge. Our jurisdiction over a claim regarding the discretionary aspects of sentence must be established as follows:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

_____

[1] Our standard of review of a sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

 **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).

*Id.* at 467 (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations and modifications omitted)).

We assume, without deciding, that Appellant has satisfied the first three elements of the test. We now turn to the fourth element, whether there is a substantial question under 42 Pa.C.S.A. § 9781(b) that the sentence appealed is not appropriate.[2] To this end, as noted, Appellant argues that the trial court failed to adequately consider Appellant's age, rehabilitative needs, and family history, and improperly focused on Appellant's past criminal conduct. "There is ample precedent to support a determination that [Appellant]'s allegation[s] fail[] to raise a substantial question that his sentence is not appropriate under the Sentencing Code." *Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) (*see* cases therein cited). Additionally, we note Appellant is not arguing the trial court did not have adequate information to fashion his sentence. Rather, in essence, Appellant is displeased with the way the trial court weighed the circumstances mentioned above. It is well-settled, however, that mere dissatisfaction with the sentencing court's weighing of sentencing

---

[2] "A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Johnson*, 873 A.2d 704, 708 (Pa. Super. 2005)*.*

considerations is not sufficient to raise a substantial question for our review.

*See Commonwealth v Moury*, 992 A.2d 162, 175 (Pa. Super. 2010).

Nonetheless, even if we were to determine that Appellant's claim qualifies as a substantial question, we would find no merit to the underlying allegation. To this end, the trial court explained:

> Here, the record clearly reflects that in fashioning [Appellant]'s sentence, this court considered the criteria required by the Sentencing Code, as well as the circumstances of the offense, and the character of the offender. During the sentencing hearing, immediately before rendering [Appellant]'s sentence, this court specifically stated: "Mr. Bailey, I have given due consideration to all the factors I'm obliged to evaluate, including your need for rehabilitation as well as society's need for protection. I have considered the nature of the new offenses as well as the underlying crime." Although this court did not undertake an unnecessary lengthy discourse for its reasoning or refer to specific statutes, the record as a whole reflects due consideration of the facts of the crime and character of the offender. Over the years, this court has become well acquainted with [Appellant], his family history and rehabilitative needs and properly took each into consideration when determining [Appellant]'s sentence.

Trial Court Opinion, 4/28/15, at 6-7 (footnote and citations to the record omitted).

The trial court also stated that,

> in balancing the interests of society in preventing future criminal conduct by [Appellant] against the possibility of rehabilitating him outside of prison, [it] also took into account the above[-]mentioned factors and [Appellant]'s criminal history, as well as the seriousness of the original crime and the occurrence of the violation crime for which he was convicted. This court noted that [Appellant] was thirteen (13) years old when he committed his first offense, and has subsequently been convicted of various theft, assault and gun offenses. This court noted the extraordinary facts of the original case where [Appellant]

kidnapped a witness in a homicide trial, held the witness hostage and beat him into confessing to a crime that he did not commit.

*Id.* at 7-8 (citations to the record omitted).

In light of the foregoing, we conclude the trial court did not abuse its discretion in fashioning Appellant's sentence. We direct that a copy of the trial court's April 28, 2015 opinion be filed along with this memorandum and attached to any future filings in this case.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/2016

**IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA        :        CP-51-CR-0005380-2007

FILED

v.                                APR 2 8 2015

                                                            SUPERIOR COURT

                                Criminal Appeals Unit
JOHN BAILEY   First Judicial District of PA

                                :

                                :        3349 EDA 2014

**OPINION**

**Byrd, J.**                                                                **April 28, 2015**

Defendant, John Bailey, filed a direct appeal from this court's November 7, 2014 judgment of

sentence following a Gagnon II hearing revoking his probation. In accordance with the requirements

of PA. R.APP. PROC. 1925, this court submits the following Opinion.

## I.  PROCEDURAL HISTORY

On November 19, 2007 defendant appeared before this court at CP-51-CR-0005380-2007

and was convicted of intimidation of a witness, unlawful restraint, false imprisonment, simple

assault, possessing an instrument of crime, and criminal conspiracy. Thereafter, on January 11, 2008

this court sentenced defendant to an aggregate five (5) to ten (10) years of state confinement,

followed by twenty (20) years of consecutive reporting probation. Defendant filed a Notice of Appeal

on January 28, 2008. On March 3, 2009 the Superior Court affirmed this court's judgment of

sentence. Defendant then filed his first petition for relief under the Post Conviction Relief Act

("PCRA") on June 2, 2009. After counsel was appointed the petition was amended on March 12,

2010 and later supplemented on May 27, 2010 and June 18, 2010. On November 12, 2010 this court issued a notice of intent to dismiss the PCRA petition. On December 13, 2010 defendant's PCRA petition was formally dismissed. Defendant then filed a Notice of Appeal on December 17, 2010. Thereafter, on April 20, 2011 this court filed an opinion in support of dismissal of defendant's PCRA petition. On December 22, 2011 the Superior Court affirmed this court's denial of defendant's PCRA petition. Defendant was paroled from SCI Graterford on December 13, 2011.

On April 9, 2014 defendant was arrested at CP-51-CR-0004917-2014 and charged with theft by unlawful taking, receiving stolen property and criminal trespass. On September 4, 2014 defendant appeared before the Honorable J. Scott O'Keefe and entered a negotiated guilty plea to one count of theft by unlawful taking and one count of receiving stolen property.[1] Defendant was then sentenced to time served to twenty-three (23) months of confinement. He received credit for time served. Because defendant was convicted of a crime which occurred during his CP-51-CR-0005380-2007 probationary term, a Gagnon II hearing[2] was held on November 7, 2014. This court found defendant in direct and technical[3] violation of the probation imposed at CP-51-CR-0005380-2007. His probation was revoked and defendant was resentenced to a concurrent two and one half (2.5) years- five (5) years of state confinement followed by five (5) years of consecutive reporting probation on the three felonies: intimidation of a witness, retaliation against a witness and criminal conspiracy. Defendant received credit for time served.

On December 2, 2014 defendant filed a Notice of Appeal from his violation of probation

---

[1] The criminal trespass charge was nolle prossed.

[2] *See Commonwealth v. Davis*, 234 Pa. Super. 31, 43, 336 A.2d 616, 622 (Pa. Super. 1975) (holding that where a probationer, "before the probation revocation hearing, has been arrested and tried and convicted in the Court of Common Pleas. . . there is no need for a Gagnon I hearing [because] [t]he purpose of that hearing—to show probable cause whether probation has been violated—will have been served by the trial. Therefore, only a Gagnon II hearing is necessary before probation may be revoked.").

[3] Defendant was found in direct violation due to his subsequent arrest at CP-51-CR-0004917-2014 and because he tested positive for drugs, which evidenced commission of crimes during probation and also qualified as a technical violation.

2

*Commonwealth v. John Bailey*

sentence. On December 24, 2014 this court ordered defendant to file a Statement of Matters Complained of on Appeal in accordance with PA. R.APP. PROC. 1925 (b). On December 30, 2014, said statement was filed by defendant.

## II. STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

In accordance with PA. R.APP. PROC. 1925 (b), defendant raised the following issues in his Statement of Matters Complained of on Appeal[4]:

1. The sentence imposed did not take into consideration the requirements of 42 Pa. CSA sec. [sic] § 9721 (b).
2. The sentence imposed did not take into consideration the defendant's age, family history and rehabilitative needs
3. The defendant reserves the right to modify, supplement and/or amend this statement after review of the sentence notes.
4. The defendant reserves the right to modify, amend, or supplement this statement.

## III. FACTUAL BACKGROUND

At the Gagnon II revocation hearing the Commonwealth proffered defendant's hearing summary and presented the testimony of Probation Officer Brandy Swain-Keller. Defendant testified on his own behalf. The facts supporting revocation of probation will follow. To begin, the relevant facts of the case at CP-51-CR-0005380-2007 are as follows:

> [Complainant] Christopher Charles testified in the homicide trial of Vidal Hernandez, who was convicted of first-degree murder on September 14, 2006. Two days later, [Defendant] and his co-defendant, Telia Charles, [Mr. Charles' ex-wife and Hernandez's then girlfriend,] went to the basement of Telia's house while Christopher Charles was there, pushed him into a chair, secured him with duct tape, and demanded that he recant his testimony against Hernandez and admit he was the killer. When Christopher refused, [Defendant] punched him, poured a can of lighter fluid on him, and threatened to light it if Christopher did not confess into a tape recorder.
>
> Christopher ultimately gave a statement to a detective outlining the facts listed above. Based on the statement, a search warrant was issued for his ex-wife's house, where an empty can of lighter fluid, matches, duct tape, and a tape recorder were found.

---

[4] The previous statement was taken verbatim from defendants filed Statement of Errors.

*Commonwealth v. John Bailey*

In April 2007, Christopher testified against [Defendant] at a preliminary hearing. His statement to police was also introduced. Christopher died two months later of causes unrelated to the incident. At [Defendant's] trial in November 2007, the Commonwealth read Christopher's preliminary hearing testimony into the record.

Memorandum Opinion, *Commonwealth v. Bailey*, No. 366 EDA 2008, at *1-*2 (Pa. Super. Mar. 13, 2009) (citations omitted).

In the probation violation case, CP-51-CR-0004917-2014, an off duty Philadelphia Police Officer observed defendant disconnect an air conditioning (AC) unit from a house located at 4711 Greene Street in the Germantown section of Philadelphia, PA. *N.T.* 11/7/2014 at 13. Defendant was then observed placing the AC unit into his truck and driving away. *Id.* The officer followed defendant eastbound on Greene Street to Sylvania Street where he observed defendant attempt to sell the AC unit to contractors who were repairing a house on Sylvania Street. *Id.* The officer then identified himself and detained defendant until uniformed police officers arrived at the scene. *Id.* Additionally, on January 7, 2014, defendant submitted a urine exam which tested positive for cocaine. *N.T.* 11/7/2014 at 6.

## IV. DISCUSSION

Defendant now challenges the discretionary aspects of his sentence. Specifically, he claims that "[t]he sentence imposed [by this court] did not take into consideration the requirements of 42 Pa. CSA sec. [sic] § 9721 (b) . . . or [his] age, family history and rehabilitative needs. Statement of Errors ¶1-2. Defendant's claims however lack merit.

"The [standard of] review in an appeal from [a] judgment of sentence which has been imposed following revocation of probation is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence. *Commonwealth v. Sylvanus*, 369 A.2d 826, 828 (Pa. Super. 1976) (citing *Commonwealth v. Gilmore*, 348 A.2d 425, 427 (Pa. 1975)). Therefore, "it is

4

well settled that the revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Id.* at 322 (citing *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. Super. 1996); *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000)). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004). The Superior Court's examination is thus "limited to determining the validity . . . and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Hoover*, 909 A.2d 321, 322-23 (Pa. Super. 2006).

The Superior Court has indicated that when addressing an allegation of error in a sentence imposed following revocation of probation, the "focus [is] on the pertinent statutory provisions in the Sentencing Code, specifically 42 Pa.C.S. § 9781(c) and (d), and 42 Pa.C.S. § 9721(b)." *Commonwealth v. Williams*, 69 A.3d 735, 741 (Pa. Super. 2013) appeal denied, 83 A.3d 415 (Pa. 2014). "However, [b]ecause subsections 9781(c) and (d) include a focus on sentencing guidelines, and because sentencing guidelines do not apply to sentences imposed following a revocation of probation, in this case [on review the Superior Court] look[s] solely to the provisions of 42 Pa.C.S. § 9721(b)." *Id.* Section 9721(b) provides in pertinent part as follows:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant . . . In every case in which the court . . . modifies a sentence, resentences an offender following revocation of probation . . ., the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

5

*Commonwealth v. John Bailey*

42 PA. CONS. STAT. ANN. § 9721. The Superior Court also "consider[s] a sentence imposed following revocation of probation in light of the limitations set forth in 42 Pa.C.S. § 9771(c)." *Id.*

As stated above, "when imposing a sentence of total confinement, the sentencing judge must state the reasons for the sentence in open court." *McAfee*, 849 A.2d at 275. "The reasons stated should reflect the court's consideration of the criteria of the Sentencing Code, 42 Pa.C.S. § 9701 et seq., the circumstances of the offense, and the character of the offender." *Commonwealth v. Mathews*, 337 Pa. Super. 91, 94 (1984) (citing *Commonwealth v. DeLuca*, 418 A.2d 669 (Pa. Super. 1980)). "Although the sentencing court need not list and address each of the criteria of the Sentencing Code, *Commonwealth v. Zimmerman*, 422 A.2d 1119 (Pa. Super. 1980), the record must reflect that the criteria were considered. *Mathews*, 337 Pa. Super. at 94. "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012). Furthermore, where a trial court is in possession of a presentence report, the Superior Court presumes that the trial court is aware of the mitigating factors asserted by a defendant. *Id.* at 99 n.13 (citing *Commonwealth v. Walls,* 592 Pa. 557, 574 n. 7, 926 A.2d 957, 967 (2007) ("[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.")).

Here, the record clearly reflects that in fashioning defendant's sentence, this court considered the criteria required by the Sentencing Code,[5] as well as the circumstances of the offense, and the

---

[5] Such criteria included "confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *See supra* § 9721.

*Commonwealth v. John Bailey*

character of the offender. *N.T.* 11/7/2014 at 18-19. During the sentencing hearing, immediately before rendering defendant's sentence, this court specifically stated: "Mr. Bailey, I have given due consideration to all of the factors I'm obliged to evaluate, including your need for rehabilitation as well as society's need for protection. I have considered the nature of the new offenses as well as the underlying crime." *Id.* Although this court did not undertake an unnecessary lengthy discourse for its reasoning or refer to specific statutes, the record as a whole reflects due consideration of the facts of the crime and character of the offender. *Id.* at 13, 16, 18-19. Over the years, this court has become well acquainted with defendant, his family history and rehabilitative needs and properly took each into consideration when determining defendant's sentence. Therefore, the presumption that this court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors has been proven true.

Moreover, in imposing defendant's sentence, this court stated on the record that great weight was accorded the underlying purpose of a probation violation hearing which remains to assess "whether the conduct of the probationer indicates that probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct." *Kates*, 305 A.2d at 708. *See also Commonwealth v. Mullins*, 918 A.2d 82, 86 (2007) (noting that "[e]ven where the VOP hearing record is insufficient to sustain revocation of probation, this purpose should not be frustrated"). For that reason, Pennsylvania law requires that the violation sentencing court must "balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison." *Del Conte*, 419 A.2d at 783.

Thus, in balancing the interests of society in preventing future criminal conduct by defendant against the possibility of rehabilitating him outside of prison, this court also took into account the abovementioned factors and defendant's criminal history, as well as the seriousness of the original

7

*Commonwealth v. John Bailey*

crime and the occurrence of the violation crime for which he was convicted. *N.T.* 5/9/2014 at 59. This court noted that defendant was thirteen (13) years old when he committed his first offenses, and has subsequently been convicted of various theft, assault and gun offenses. *N.T.* 11/7/2014 at 16. This court noted the extraordinary facts of the original case where defendant kidnapped a witness in a homicide trial, held the witness hostage and beat him into confessing to a crime that he did not commit. *Id.* at 14.

Hence, the record evidences that this court properly found that for this defendant, probation was an ineffective vehicle to accomplish rehabilitation and an insufficient deterrent against future antisocial conduct. Thus, because society's need for protection outweighed defendant's need for rehabilitation, this court properly sentenced defendant after considering all necessary factors. *Id.* at 18-19.

## V. CONCLUSION

For the aforementioned reasons, this court's judgment of sentence should be AFFIRMED.

BY THE COURT

April 28, 2015

_____

SANDY L.V. BYRD, J.

8

*Commonwealth v. John Bailey*